O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| VELETA STEVENS,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CACHET FINANCIAL SERVICES, et al.,<br><br>　　　　　　　Defendants. | Case № 2:19-cv-08120-ODW (JEMx)<br><br>**ORDER DISMISSING CASE FOR FAILURE TO COMPLY WITH COURT ORDERS** |

## I.　　INTRODUCTION AND BACKGROUND

Plaintiff Veleta Stevens initiated this putative class action complaint against Defendants Cachet Financial Services and Financial Business Group Holdings (together, "Cachet") for widespread injuries arising from Cachet's role in the collapse and fallout of a payroll processing system formerly provided by nonparty MyPayrollHR. (Compl., ECF No. 1.) On January 24, 2020, Cachet informed the Court that it had filed for bankruptcy. (Notice, ECF No. 26.) Thereafter, the parties twice stipulated to stay the case—once on May 26, 2020, and again on November 4, 2020. (ECF Nos. 30, 32.) The Court granted both stays. (ECF Nos. 31, 34.) Following the expiration of the second stay, the Court stayed the case a third time and ordered the parties to file status reports every three months until the bankruptcy stay was lifted, with a final status report to be due ten days after any resolution reached in

the bankruptcy proceedings. (Min. Order 1, ECF No. 38.)  This third stay was based on the parties' representation that the case before this Court had settled as part of Defendant's bankruptcy plan, which in turn needed approval from the bankruptcy court.  (Status Report ¶ 2, ECF No. 37.)  The Court based the three-month status report requirement on the parties' own representation that they would be moving for preliminary approval of the settlement agreement in bankruptcy court before the end of July 2021.  (*Id.*)

Three months later, on October 1, 2021, the parties had not yet moved for preliminary approval of the settlement agreement in bankruptcy court, and they informed the Court that they would so move "within a matter of days."  (Second Status Report, ECF No. 39.)  The parties further represented that the bankruptcy proceedings had not yet fully resolved this action, (*id.* ¶ 3), meaning that the regular status reports the Court previously ordered remained due.

As of today's date, the Court has not received a Third Status Report, despite the fact that one was due on January 1, 2022.  This is not the first or even the second time the parties have missed a court-ordered status report deadline in this matter.  (*See* ECF Nos. 28, 34.)

## II.   LEGAL STANDARD

Courts consider five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006.)  These factors are "not a series of conditions precedent before the judge can do anything," but a "way for a district judge to think about what to do." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).

### III.   DISCUSSION

Several of the established factors bearing on whether the Court should dismiss this action for failure to comply with Court orders are neutral.  The public has an interest in fast resolution of cases, and public policy favors disposing of cases on their merits, but those considerations appear to now be in the hands of the bankruptcy court, not this Court.  And nothing in the papers indicates that dismissal would prejudice any party, as Stevens's claims are being resolved by the bankruptcy litigation.

Even so, the course of these proceedings as set forth above indicates a substantial and repeated lack of diligence on both sides such that there appears to be little to no reason to keep this case open on this Court's docket.  The Court's need to manage its docket is substantial and weighs in favor of dismissal.  Furthermore, the parties were warned that failure to provide the required status reports could result in dismissal of the action.  (Min. Order 1.)  Finally, given the repeated nature of the parties' failures and the fact that the Court is not dismissing with prejudice, the Court's decision is not too drastic a measure.

Accordingly, the Court **DISMISSES** this case.

### IV.   CONCLUSION

This case is **DISMISSED** for failure to comply with Court orders.  All dates and deadlines are **VACATED**.  The Clerk of the court shall close the case.

**IT IS SO ORDERED.**

January 7, 2022

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE